HANKS v ADAMS CO COMRS

Ohio Appeals, 4th Dist, Adams Co

Decided October 28, 1929

Messrs. G. D. Lovett and R. S. Roush, West Union, for Hanks.

Mr. E. S. Young, Seaman, for Adams Co Commrs.

MAUCK, J.

The plaintiff endeavored to set out other facts than a simple statement of her claim against the commissioners, which other facts were designed to fix responsibility for the particular bridge of which complaint was made as between the county and the state. After reciting that on November 5, 1923, the commissioners passed a resolution for state aid and that state aid was granted by the director of highways the petition continues by reciting the cost of the improvement of the highway running east and west thru Adams County; that the larger part of it was paid by the state and the smaller part was paid by the county. It charges, however, that the particular bridge was in fact constructed about thirty five years ago and avers "that said bridge at all times herein mentioned was under the direction and control of the defendant". The trial court was evidently of the opinion that notwithstanding the averment just quoted, to the effect that the control of said bridge was at all times in the county commissioners, the county commissioners were not liable to suit in the premises for the reason that the other facts alleged tended to show that the road in question was a state highway. We can not adopt that view. It is admitted in argument that the bridge was on the road known as the Atlantic and Pacific Highway. By 1189-1 GC, (110 O. L. 335) this particular road was made a main market road and it has been argued in this case that it thereby became a state road. This, however, does not follow. Section 7464 does not provide that main market roads shall of necessity be state roads. It says that

"State roads shall include such part or parts *** of main market roads as have been or may hereafter be constructed by the state or which have been or may hereafter be taken over by the state as provided in this act."

Now while it is possible that this road may have been taken over by the state before the plaintiff's injury there is nothing in the petition that so indicates. There is nothing, therefore, in this case to indicate that this main market road has become a state road except that the petition shows that the state has expended money in the improvement of the road. To the extent that the state constructed a new road it took over this main market road and made it a state road, but because it constructed a part of the road somewhere between Cincinnati and Gallipolis it did not follow that it had made a state road of the whole Atlantic and Pacific highway. Only such part became a state road as was actually constructed by the state. The state did not construct the bridge of which the plaintiff complains. Whatever else the state constructed it did not construct the particular part of the road of which the plaintiff complains. The petition consequently does not disclose the unsoundness of the allegations that the defendant was in full control of that particular part of the road, to wit, the bridge, that the plaintiff complains of.

In this case we are, of course, dealing alone with the pleadings before us. We do not decide that all or any part of the highway in question is or is not a state road. If at the time the plaintiff was in-

jured the road in question had been taken over by the state as a whole the bridge would have been taken over with the rest of the road for by statute a bridge is a part of the road. We assume that in the process of an orderly government it is always possible to find bv the records how much, if any, of a particular road has been taken over by the state by an examination of the records in the office of the director of highways. It is certainly unfortunate if thru the absence of such record there can at any time be any doubt of just what authority has jurisdiction over any particular portion of the highways.

As the case stands before us the petition is good and it was error to sustain the demurrer. The judgment is reversed for that reason.

Middleton, PJ; concurs. Mauck, J, not sitting.